"O"



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TARAY V. JOHNSON,<br>    Petitioner,<br>    v.<br>JOE MCGRATH, Warden,<br>    Respondent. | Case No. CV 03-8844-DDP (MLG)<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR RECONSIDERATION |

## I. Factual and Procedural Background

Petitioner is a state prisoner currently incarcerated at the Pelican Bay State Prison in Crescent City, California. On May 17, 2007, this Court entered an order and judgment denying, on the merits, Petitioner's application for a writ of habeas corpus, which had been filed pursuant to 28 U.S.C. § 2254. Petitioner filed this motion for reconsideration of the Court's order and judgment on February 6, 2009. Because this motion seeks only to revisit the Court's earlier order denying the petition on the merits, this motion must be deemed a successive petition and dismissed under 28 U.S.C. § 2244(b)(3)(A).

//

The underlying facts and procedural history of this case were thoroughly spelled out in the Report and Recommendation of the United States Magistrate Judge, which was filed on August 4, 2006. Suffice it to say that Petitioner is currently serving a sentence of two terms of life in prison without the possibility of parole, plus three life terms with the possibility of parole, and additional terms totaling 123 years to life, following his conviction of two counts of first degree murder (Cal. Penal Code § 187) and three counts of premeditated and deliberated attempted murder (Cal. Penal Code §§ 187(a)/664), with numerous sentencing enhancements. He filed this petition for writ of habeas corpus on December 4, 2003. The petition, with amendments, eventually presented ten grounds for relief, all of which were found to be meritless. This Court denied Petitioner's request for a certificate of appealability on August 14, 2007. The United States Court of Appeals for the Ninth Circuit did likewise on April 24, 2008.

## II. Discussion

The motion for reconsideration currently before the Court presents eight ground for relief.[1] Each of these grounds was presented in the petition and resolved against Petitioner. None of the bases warranting

---

[1] Because this motion was not filed within ten days of the entry of judgment as required by Rule 59(e), it must be considered as a motion for relief from judgment under Fed.R.Civ.P. 60(b). *Shapiro ex rel. Shapiro v. Paradise Valley Unified School District. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004); *see also Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Pursuant to Rule 60(b), the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for a variety of reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied released or discharged; and (6) "any other reason justifying relief from the operation of the judgment". *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004).

relief under Rule 60 have been alleged. Rather, Petitioner simply seeks a second review of the claims previously found wanting.

It is well settled that a motion for reconsideration in a section 2254 proceeding which seeks only to attack the Court's previous resolution of a claim on the merits or raise a new claim for relief is to be treated as a new habeas corpus application. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), *Torricellas v. Davidson*, 279 Fed.Appx. 504 (9th Cir. 2008). Such a motion is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a *second and/or successive* petition requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 796 (2007). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 519 U.S. 1102 (1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

This pleading was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of a second petition, this Court lacks jurisdiction to reconsider the merits of Petitioner's

claims. *See Burton*, 127 S.Ct. at 799; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(district court lacks subject matter jurisdiction to consider second or successive petition). Thus, denial of the motion for reconsideration is required.

### III. Order.

In accordance with the foregoing, IT IS HEREBY ORDERED that the motion for reconsideration is DENIED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

Dated: April 17, 2009

_____
Dean D. Pregerson
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge